## T. F. VARNER v. STATE.

No. A-7395.   Opinion Filed June 5, 1930.
(288 Pac. 998.)

Waldrep & Haight, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of transporting intoxicating liquor, and was sentenced to be imprisoned in the county jail for three months and pay a fine of $500, from which judgment the defendant appeals.

The testimony on behalf of the state is as follows: Al Foraker testified he saw the defendant drive up in an automobile near the Junior High School, in the city of Shawnee, about 8 o'clock p. m., on the 19th day of February, 1929.   When defendant stopped his car, witness

'was about 75 yards from the defendant. A man by the name of Allen came across the street and took a package from the car and went back across the street. Bryant ran Allen down and searched him, and found that the package he was carrying contained liquor or whisky.

Frank Bryant testified he was with the witness Al Foraker, and in substance gave the same testimony as did Foraker; that he chased Allen, and, when he came back with Allen, he brought with him some bottles containing whisky. Foraker testified he stayed there at the car, and kept the defendant until Bryant came back to the car with Allen. The defendant was then taken to the sheriff's office and a charge preferred against the defendant and Biownie Allen. Later an amended information was filed, in which Allen's name does not appear.

The defendant demurred to the information on the ground that the information did not state sufficient facts to show the commission of a public offense, or a violation of the prohibitory laws, or the infringement of any criminal statute of the state; second, that said information is wholly insufficient in form and substance; third, that the said court had no jurisdiction to hear and determine said cause.

After an examination of the information, we hold the information stated sufficient facts to place the defendant on his trial for the offense charged in the information, and that the demurrer was properly overruled.

At the close of the state's testimony, the defendant demurred to the evidence offered by the state, on the ground, first, the evidence introduced is incompetent, irrelevant, and immaterial; second, that facts sufficient to prove this defendant guilty of the charge alleged in the information have not been proven, and there is not suf-

ficient evidence to sustain the cause of action against this defendant, which demurrer was overruled and the defendant duly excepted.

The defendant assigns 18 errors alleged to have been committed in the trial of his case; the first assignment being the court erred in overruling plaintiff in error's motion for a new trial. This assignment practically covers all the other assignments in defendant's petition in error. The defendant in his argument insists that in this case the officers had no search warrant, and could not tell what the defendant had until they had searched the car and searched the party whom they saw take the package away from the car.

The defendant further urges that the court, in overruling his objection to the introduction of the testimony at the commencement of the trial, committed reversible error. Further in his argument he presents the question that the testimony was incompetent, irrelevant, and immaterial by reason of the unlawful search and seizure. After a careful reading of the record, we fail to find any objection of the defendant to the introduction of the testimony on the ground that it was procured by unlawful search and seizure. The defendant did not file a motion to suppress the testimony on the ground that it was procured by an unlawful search and seizure. When the state called its first witness, the defendant objected to the introduction of any testimony, on the ground that the information did not state facts sufficient to constitute a cause of action against him. This objection was overruled, and the defendant reserved an exception. The court did not commit error in overruling this objection, for the reason that the information stated facts sufficient to advise the defendant of the crime charged against him.

The testimony in this case shows that the defendant drove his car up to a designated point near the Junior High School building in the city of Shawnee, and that Brownie Allen came up to the car and took a package out of the car; that the witness Frank Bryant called to Allen, and Allen started to run, and Bryant followed him and caught him, and took from him the package the witness had seen delivered to him by the defendant from the car; and that the package contained a half gallon and a pint of whisky.

No testimony is offered on behalf of the defendant. The defendant urges that the testimony of the state was improperly admitted, and was not sufficient to sustain the conviction, and insists that his demurrer to the evidence, when the state rested its case, should have been sustained. We cannot agree with this contention, for the reason that the proof is positive that the defendant delivered the package to Allen and Allen started to run, and Frank Bryant testifies he followed him and took the package away from him and found it contained whisky. The defendant had not left his car at the time he was taken into custody. One of the witnesses testified that the defendant got out of his car and stated something was wrong with it. Considering all the testimony in this case in the most favorable light, and giving the defendant the full benefit of the doubt, we hold that the evidence is amply sufficient to sustain the conviction.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., conur.